UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
in Clerk's Office

OCT 01 2021

U.S. District Court
Middle District of TN

| | |
|---|---|
| JEREMY FAULK ) | |
| *Plaintiff* ) | |
| ) | Case No. 3:21-0755 |
| v. ) | |
| ) | |
| KNOXVILLE HMA HOLDINGS, LLC ) | **COMPLAINT** |
| D/B/A TENNOVA HEALTHCARE ) | WITH JURY DEMAND |
| A/K/A DYERSBURG HOSPITAL ) | |
| *Defendant* ) | |

* * * * * * * * * *

The Plaintiff, Jeremy Faulk, for his complaint against the Defendant, Knoxville HMA Holdings, LLC, states as follows:

1. Plaintiff Jeremy Faulk is a natural person residing at 202 Woodland Lakes Dr., La Grange, Kentucky 40031.

2. Defendant is a limited liability company incorporated in Tennessee with its principal place of business at 4000 Meridian Blvd. Franklin, Tennessee 37067.

3. Defendant's registered agent for service of process in Tennessee is Justin Pitt, located at 4000 Meridian Blvd. Franklin, TN 37067.

4. Jurisdiction is proper in this court under 28 U.S.C. 1331 because some of Plaintiff's claims arise under 47 U.S.C. 227 and 47 C.F.R. 64.1200.

5. Jurisdiction as to other claims is proper under 28 U.S.C. 1367 because Plaintiff's state law claims form part of the same case or controversy as the claims giving rise to the Court's federal question jurisdiction.

6. Venue is proper in this court under 28 U.S.C. 1391(b)(1) because Defendant is a resident of the Court's judicial district.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

7. Plaintiff owns a cell phone with mobile number 731-445-2372.

8. Upon information and belief, Defendant, or Defendant's agents at Defendant's direction, placed calls to Plaintiff's cell phone number using several different phone numbers.

9. Defendant is vicariously liable for any such calls placed by its agents.

10. Defendant has not received Plaintiff's consent to place calls to his cell phone.

11. Defendant does not have an established business relationship with Plaintiff.

12. In each instance that a call was placed to Plaintiff, Defendant or Defendant's agent left pre-recorded voice messages on Plaintiff's cell phone's voicemail.

13. Defendant began placing these calls to Plaintiff at least once per week beginning on or about March 11, 2021, though discovery may reveal that other calls using prerecorded messages were placed earlier than this date or more frequently, and Plaintiff reserves his right to amend this Complaint to include claims related to such other calls as may have occurred prior to March 11, 2021, or after the filing of this Complaint, or more frequently than recorded by Plaintiff, or using other phone numbers that Plaintiff was not aware were related to Defendant.

14. As of September 20, 2021, Defendant has made at least twenty-eight such calls to Plaintiff.

15. Plaintiff previously specifically informed Defendant, after a second call was placed to Plaintiff on March 17, 2021, that he did not want further calls placed to his cell phone.

16. Plaintiff again previously specifically informed Defendant on June 22, 2021, that he did not want further calls placed to his cell phone, and Defendant's employee immediately made a second call to Plaintiff's cell phone to inform Plaintiff that further calls would not occur.

17. However, despite Plaintiff's early and proactive efforts to inform Defendant that it did not have his consent to leave call his cell phone, Defendant knowingly continued to do so.

## COUNT ONE – Violations of 47 U.S.C. 227(b)

18. Plaintiff realleges Paragraphs 7 through 17 as though they were restated in full.

19. By placing phone calls to Plaintiff's cell phone without his prior express consent and using a prerecorded voice to do so, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) and regulations promulgated on the basis of that statute.

20. Plaintiff possesses a private right of action to recover statutory damages for each violation of 47 U.S.C. 227(b) and asserts his right to recover those damages from Defendant through this action.

21. For each of the two calls placed to Plaintiff prior to Plaintiff first affirmatively requesting that Defendant not place further calls to his cell phone (said calls being made on March 11 and March 17), Plaintiff demands statutory damages of $500 for each such negligent violation of 47 U.S.C. 227(b).

22. Following March 17, 2021, when Plaintiff first affirmatively requested that Defendant not place further calls to his cell phone, Defendant's further calls were made with the affirmative knowledge that Plaintiff had not given his prior express consent to make such calls.

23. For each of the twenty-six calls placed to Plaintiff after Plaintiff first affirmatively requested that Defendant not place further calls to his cell phone, Plaintiff demands statutory damages of $1500 for each call due to Defendant's knowledge that such calls were made in violation of 47 U.S.C. 227(b) at the time such calls were placed.

## COUNT TWO – Violations of 47 U.S.C. 227(c)

24. Plaintiff realleges Paragraphs 7 through 17 as though they were restated in full.
25. Plaintiff's mobile number was registered to the national Do Not Call list prior to January 1, 2021.
26. Registration on the Do Not Call list is required to be perpetually honored by Defendant.
27. Following March 17, 2021, when Plaintiff first affirmatively requested that Defendant not place further calls to his cell phone, Defendant's further calls were made with the affirmative knowledge that Defendant had no legal basis to continue calling Plaintiff's phone.
28. Following March 17, 2021, when Plaintiff first affirmatively requested that Defendant not place further calls to his cell phone, Defendant's further calls constitute telemarketing because they were made with the only potential purpose of encouraging Plaintiff to purchase services or property.
29. By placing such calls to Plaintiff's mobile number which was registered on the Do Not Call list, Defendant violated 47 U.S.C. 227(c) and regulations promulgated on the basis of that statute (specifically 47 CFR 64.1200(c)(2), (e) and 47 CFR 64.1200(d), (e)).

30. Plaintiff possesses a private right of action to recover statutory damages for each violation of 47 U.S.C. 227(c) and asserts his right to recover those damages from Defendant through this action.

31. For each of the twenty-six calls placed to Plaintiff after Plaintiff first affirmatively requested that Defendant not place further calls to his cell phone, Plaintiff demands statutory damages of $1500 for each call due to Defendant's knowledge that such calls were made in violation of 47 U.S.C. 227(c) at the time such calls were placed.

## **COUNT THREE – Violations of KRS 525.070**

32. Plaintiff realleges Paragraphs 7 through 17 as though they were restated in full.

33. With the exception of the call placed on June 23, 2021, each of the other twenty-five calls placed after March 17 were placed to Plaintiff while he was a citizen of and physically present in the state of Kentucky.

34. Because Plaintiff was a citizen of Kentucky and was physically present in the state of Kentucky at the time of each of the twenty-five phone calls mentioned in Paragraph 33, Kentucky is the state with the most significant interest in policing Defendant's conduct.

35. The Defendant's course of conduct in ignoring Plaintiff's requests to discontinue calls to his phone seriously annoyed Plaintiff and served no legitimate purpose, its only potential purpose being to harass Plaintiff until he eventually purchased the services or property being offered by Defendant.

36. Defendant's course of conduct violates KRS 525.070(1)(e).

37. By operation of KRS 446.070, Kentucky's negligence per se statute, Plaintiff has a private right of action for Defendant's violation of KRS 525.070(1)(e).

38. Plaintiff is entitled to compensatory and punitive damages for Defendant's outrageous and oppressive course of conduct in the amount of $1500 per call for each of the said twenty-five calls made in violation of KRS 525.070(1)(e), such damages being sufficient to compensate Plaintiff and deter Defendant's future harassment of others, and such damages being calculated to protect against similar type of harms as those similar damages awardable for violations of the TCPA and regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this this Court grant relief as follows:

1. Judgment in the amount of $1,000 for the two calls placed to Plaintiff without his consent in violation of 47 U.S.C. 227(b) prior to Plaintiff affirmatively requesting that such calls cease. ($500/call)

2. Judgment in the additional amount of $39,000 for the twenty-six calls knowingly placed to Plaintiff without his consent in violation of 47 U.S.C. 227(b) following Plaintiff affirmatively requesting that such calls cease. ($1,500/call)

3. Judgment in the additional amount of $39,000 for the twenty-six calls knowingly placed to Plaintiff despite his mobile number being registered on the Do Not Call list in violation of 47 U.S.C. 227(c) following Plaintiff affirmatively requesting that such calls cease. ($1,500/call)

4. Judgment in the additional amount of $37,500 for the twenty-five calls knowingly placed to Plaintiff in violation of KRS 525.070(1)(e) through Defendant's harassing course of conduct following Plaintiff affirmatively requesting that such calls cease. ($1,500/call)

5. Pre-judgment Interest in the amount of $970 as of the first of each month from the date of the filing of Defendant's answer, in accordance with T.C.A 47-14-123.

6. Trial by jury.

7. Plaintiff's Expenses and Costs.

8. Post-judgment Interest.

9. All other legal and equitable relief to which Plaintiff may be entitled.

*Jeremy Faulk*
JEREMY FAULK
202 Woodland Lakes Dr.
La Grange, KY 40031
(731) 445-2372
jfaulk111@gmail.com
Pro se Plaintiff

Jeremy Faulk
202 Woodland Lakes Dr.
La Grange, KY 40031

Nashville Clerk's Office
U.S. District Court
801 Broadway, Room 800
Nashville, TN 37203

RECEIVED
in Clerk's Office
OCT 01 2021
U.S. District Court
Middle District of TN


