UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JEREMY FAULK,**

    Plaintiff,

v.

**KNOXVILLE HMA HOLDINGS, LLC,
DYERSBURG HOSPITAL COMPANY, LLC,
WEST TENNESSEE HEALTHCARE, INC., and
DYERSBURG HEALTH,**

    Defendants.

Civil Action No. 3:21-cv-0755
Eli Richardson, District Judge
Alistair Newbern, Magistrate Judge

## QUALIFIED PROTECTIVE ORDER

This matter came before the Court upon the Joint Motion for Qualified Protective Order filed by the parties. The parties jointly move the Court for entry of qualified protective order under 45 CFR § 164.512(e) to allow Defendants to disclose information and documents related to a non-party, Heather Trumble, that are relevant to this litigation and that constitute protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Upon application of the parties and for good cause shown, the Court orders as follows:

1. Defendants, Knoxville HMA Holdings, LLC, Dyersburg Hospital Company, LLC, West Tennessee Healthcare, Inc. and Dyersburg Health, are permitted to use and disclose documents and information related to Heather Trumble, including protected health information as defined at 45 C.F.R. § 164.500 *et seq.*, during the course of this litigation. Plaintiff and any other party to this litigation are also permitted to obtain and

use such information, as provided for by, and consistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence and/or the Local Rules of the United States District Court for the Middle District of Tennessee.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which protection pursuant to this Order is designated as "Protected Health Information."

3. The information and documents related to Heather Trumble produced under this Order and marked as "Protected Health Information" may only be used or disclosed for purposes of this litigation.

4. The information and documents produced under this Order and marked as "Protected Health Information" and all copies must be either returned to the entity producing the information or destroyed at the end of this litigation.

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed in this proceeding, incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Protected Health Information".

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Protected Health Information", or pursuant to prior Order after notice, any document, transcript or pleading given "Protected Health Information" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers,

reflects or otherwise discusses any information designated "Protected Health Information" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses; (e) present or former employees of the producing party in connection with their depositions in this action; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom "Protected Health Information" are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such "Protected Health Information", shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such "Protected Health Information".

7. Nothing in this Order shall prevent a party from using at deposition or trial any information or materials designated "Protected Health Information".

8. With respect to any depositions that involve a disclosure of "Protected Health Information", each party shall promptly order a deposition transcript, and such disclosing party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be

designated as "Protected Health Information", which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "Protected Health Information", all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5.

It is so ORDERED.

ALISTAIR NEWBERN
United States Magistrate Judge